All right, let's call the first case. Case number 13-0567, Peeble v. Damon Simon. Would both attorneys that are going to present oral arguments step up and identify yourselves for the record. Kathleen Weck, Office of the Appellate Defender for Damon Simon. Good morning, Ms. Weck. Peter Fisher, Assistant State's Attorney on behalf of Peeble. Mr. Fisher, good morning to both of you. Each side will have approximately 15 minutes for their argument and from that, Ms. Weck, you may save up some time for rebuttal. You may proceed. May it please the court, again, Kathleen Weck, Office of the State Appellate Defender, representing Appellant Damon Simon. With court's permission, I would like to reserve three minutes for rebuttal. Certainly. This is a unique case about a man who lost the right to file a complete and well-pleaded post-conviction petition because his initial pleading was treated like a post-conviction petition against his wishes after he tried to convert it into a motion for new trial. The opposing counsel alleges in his brief that the first pleading looked and quacked like a duck, so it was a duck. But the only reason that first pleading was considered a post-conviction petition was because Mr. Simon mistakenly began its title with the words post-conviction petition. He did not state that he was filing it under the Post-Conviction Hearing Act. He did not attach any affidavits to support his very cursory claims. And seven days after filing it, he realized he'd made a mistake. He didn't want to file a post-conviction petition then, so he tried to convert it into a motion for new trial. But the trial court refused his request and dismissed it as a frivolous PC. And then, of course, from there, it was appealed and it was an appeal that was doomed to fail because it was such a cursory, poorly pleaded first post-conviction petition. Could the court consider it as anything other than a post-conviction petition? I mean, it would not have any jurisdiction to consider a motion for a new trial, would it? No. Well, clearly it's 38 days after sentencing, and if he had filed this pleading eight days sooner, it could have been considered a motion for new trial pro se or a crankle motion. But he didn't file it. He didn't. It was eight days late for that basis. He did file it at the same time as his pro se motion to reconsider, so clearly he intended this, as he says in his new affidavit, to be a motion for new trial pro se because he thought his trial attorney had done such a poor job. But at the same time, doesn't the court lose jurisdiction to consider a motion for a new trial or a motion for reconsideration that are filed after 30 days? There is no jurisdiction. Correct. All right. I suppose if the court had wanted to consider it and convert it, then he would have dismissed it, just like he did with the motion to reconsider sentence that was filed too late. You know, the Pleasing Counsel says that it's a convoluted sleight of hand to say that Shellstrom applies, but the principle of Shellstrom is that before something is treated as a post-conviction petition against a pro se litigant's wishes, he needs to be given the chance to withdraw it or amend it to include all of his claims. And in this case, it's a solid argument that he has lost that opportunity because he was not notified that he should withdraw this petition or amend it to include all of his claims. So it's a lost opportunity to have an initial, fully supported and pleaded post-conviction petition held to the lenient standard given to first post-conviction petitions. The Illinois Supreme Court in Pittsburgh left open the possibility that there can be situations in which the proceedings on a first petition are so deficient that a successive pleading does not even have to be held to the cause and prejudice standard. I don't believe there is a case in which that has happened, but the possibility was certainly left open in Pittsburgh for that to be the case. If Your Honors don't want to find that this was a nullity because he did not want that initial pleading treated as a post-conviction petition, then our argument is that he can meet the cause and prejudice standard for filing a successive petition. He doesn't need that, though, for his actual innocence claim, does he? He doesn't need it for the actual innocence claim. I'm talking about the remaining claims in there. Cause being very clearly it's an objective factor external to the defense. He did not want that treated as a post-conviction petition. That's cause external. He tried to convert it into something else. Being a pro se litigant, he didn't understand the consequences of this proceeding going forward and that he was going to be losing the opportunity to even challenge appellate counsel's effectiveness in the future or to document his claims. Let's take, for example, this claim about trial counsel's ineffectiveness for not presenting any mitigating evidence at sentencing. In this first pleading he files, he says counsel didn't present mitigating evidence. He doesn't attach any affidavits to that petition. It's doubtful at that stage. He's just landed in prison that he even understands or is able to even formulate this claim to any degree and understand how to get these affidavits or what he needs to do. By the time he files this new pleading, which I would like to note, which I didn't note in the briefs, would be considered a timely filed first petition if it was his first petition, which maybe neither here nor there, but it's an interesting point. He finally has affidavits from witnesses who said they were prepared to testify on his behalf at sentencing. This is a case in which the trial counsel fails to present any mitigating evidence in a first-degree murder case, and in my opinion. Was there a PSI, though? Did that indicate some of the mitigation that we're talking about? Perhaps. He has no criminal background whatsoever. No, but we also have to think about the fact that the sentence here was five years above the minimum. I mean, he had a mandatory 45-year sentence regardless. It is five years over the minimum, yes. Can the court conclude that you can't establish, even if we take it as a first stage, can the trial court conclude that you can't meet the second prong, the prejudice prong, that there would really be a likelihood that the sentence would be any different? I think you can meet that prejudice prong. I mean, as I said, a case in the opening brief talks about any day that someone's liberty is affected could make a difference. Here we have a case which is not a premeditated first-degree murder case by any means. There's clearly a history going on between the defendant and the deceased. There's no criminal background for the defendant. He's a relatively young man. It's at least arguable, or if not the more exacting standard perhaps for filing a successive PC, that he was prejudiced by an attorney's failure not to investigate or present mitigating evidence at sentencing. We also have this jury waiver issue, which is also prejudice being in the light of the successive PC when it would be like a due process violation if not considered. Here he's saying that his attorney promised him that he would win if he went with a bench trial. If that was true, which at this stage we're assuming the truth of it until at this stage of post-conviction proceedings according to his affidavit, then that's a due process violation. Is that something a reasonable person could believe, that an attorney promises somebody that they could win? I think someone who's never been to trial before and faced in this situation and has basically his liberty on the line. I mean, would a lawyer do that? I mean, would a lawyer do that, promise somebody that they're going to win? I don't know why a lawyer would do that necessarily. This case... Does the record... Oh, I'm sorry. I mean, here, you know, this fellow Green, you know, he said that there was no gun at the scene and now there is a gun. Oh, we're talking about the actual innocence claim? Yeah. The actual innocence claim, of course, not having to meet the cause and prejudice standard. Granted, Anthony Green has been a kind of a swishy witness in the past. He's kind of gone back and forth. But at this stage, assuming at this stage of post-conviction proceedings that the truth in his affidavit, he actually sees a gun at the scene and that it's taken by other people. Well, I mean, when you take that affidavit and you compare it with what his testimony was, is that something that a reasonable court could believe? At this stage of the proceedings, we have to assume the truth of the matter in the affidavit. Well, it's contradicted by the record. The judge asked him if any threats or promises were made to him before he accepted the jury waiver. He also says in his affidavit that he was told he had to testify in accordance with how he testified at trial. So that was being the reason he was testifying as he did at trial was he didn't feel fully comfortable. He was in custody, as I recall, at the time of trial. He's not feeling that he has a complete liberty to testify as he wants to testify. I would also note that in the post-conviction petition, Mr. Simon makes reference to another witness, Rio Cruz, who allegedly also saw the gun at the scene and being removed, but apparently has been unable to obtain that affidavit because he's been to Mexico. Just going back briefly to the actual innocence, is this an actual innocence claim or not? Well, they suggest in the brief, Mr. Fisher, who wrote the brief, says that this isn't really an actual innocence claim because actual innocence under the law requires complete vindication. And there's another case cited that says you can't really have an actual innocence when the claim is self-defense or unreasonable belief in the use of defense in a murder. That, respectfully, I don't believe is true. I cited Sparks as a case in the opening brief and also noted that he did not respond to Sparks in which a self-defense claim was considered an actual innocence claim. So actually it can be considered an actual innocence claim. There's a lot of obstacles in a case like this to show actual innocence when there's no dispute about who was the shooter. It's similar to maybe an accountability case about someone being actually innocent or if he actually was self-defense or a second-degree murderer, perhaps, as an unreasonable belief in self-defense. But what about all the other witnesses that testified at trial that really haven't recanted? You have the grocery store owner who said that no one was near the body. He watched, I think, when the person fell or approached shortly after, said no one removed a weapon or no one went near the body. You have, I believe, two other witnesses that testified, or is it just one other, that testified about approaching and that the defendant pushed him out of the way, the fellow that was there to maybe buy some marijuana. Right, Mr. Aaron Jackson. Yes, he really never veered from his testimony. No, I was trying to point out in opening briefs how we can't necessarily grant these witnesses the best perception of what was going on. Mr. Jackson is trying to flee the scene, as is Mr. Claiborne in the car. Okay, now that's the other one. So there is a third. Green is the third person. Green is the third person. We have Aaron Jackson, Antrell Claiborne driving the car. But he, the driver, also says no gun. He doesn't see a gun. He's also trying to get the heck out of Dodge very quickly, and he's almost getting out onto Halstead Street when Simon comes in. But he doesn't see a gun at the time of the shooting. He doesn't see a gun at the time of the shooting. This is correct. He does not. Two people saying no gun at the time of the shooting. A third coming upon the scene and saying no one took anything from the body. The police arrived. No gun is recovered from this person on the street. Now, there's no question there was this incident shortly before. Correct. When he had a gun. Correct. And he pulled it out and threatened the defendant. It is a curious case that he just happens to be coming back on a bike to the food mart. It's a most unfortunate situation, in fact. So against this backdrop, how does the post-conviction petition proceed, even if we consider it a first stage when you really can't show, number one, under the prejudice prong, the ineffectiveness, and under the actual innocence, you have this multitude of other witnesses, apart from Green, who have already said no gun. And Green originally said there was no gun. Green originally said no gun. He said that he was told how to testify and how to make his statement. This is what he's saying in his affidavit that he's come up with now. This is a case in which the trial attorney does not present any lynch evidence. It's a bench trial. He doesn't seem to understand even the rules of evidence, frankly, about hearsay coming in and this and that. Mr. Simon testifies to his background, tries to get in that the victim actually shot him several years earlier, and now to his post-conviction petition he's presented all of these medical records but has not presented the affidavit of the person he says he's going to attach real proofs again to say that he actually witnessed Robbie Hill shoot Damon Simon in the incident two years earlier. But didn't that come in from the defendant himself? The objection was sustained, as I recall. Wasn't there some other witness then that testified about that peripherally? He tried to say he was robbed and shot, and then he sustained that objection also. So the main point here, we have the actual innocence claim, which, as I argue in the briefs, is enough to make it for further post-conviction proceedings because we have, as we must assume at this stage, what Mr. Green and Mr. Simon have said is true, the truth of the matter at this stage, to remand it for further proceedings. And then we have the cause and prejudice standard. If your honors do not want to just find that the proceedings were so deficient because he tried to withdraw that first proceeding and was not given the chance, well, he tried to convert it but was not given the chance to withdraw it or amend it, did not have any affidavits attached to it, didn't file it under the Post-Conviction Hearing Act, it's so soon when the direct appeal is pending, there's clearly a problem here. The issues that post-conviction appellate counsel raises are doomed to fail because there's no affidavits attached to this initial pleading. And, in fact, the issues he does raise are basically the same issues he raises on the direct appeal, as your honors pointed out, in the Rule 23 order for the post-conviction appeal. So it's just so deficient he's lost that opportunity to file a fully developed and well-pleaded post-conviction petition held to the lenient first stage standard. Arguably, he has shown cause and prejudice for these claims, the ones that I've raised here on appeal. The sentencing issue is well-pleaded with affidavits. The jury waiver issue is something that would be a complete due process violation if, in fact, the trial attorney promised him if he took a bench trial he would be going home. The Lynch evidence, failure to present, he says in his own affidavit that Robbie Hill was the one that shot him. Could this have made a difference? Could the evidence have been presented at trial by an effective attorney, perhaps? And then we have this gist of a claim about the trial counsel showing up for trial intoxicated. For all of these reasons, we're asking this court to reverse the court's denial of leave to file his post-conviction petition and remand it for second stage proceedings and the appointment of counsel. All right. Thank you. Mr. Fisher. Good morning, and may it please the court. I think we have to straighten out a couple of factual discrepancies before we get into some of the arguments. First of all, I want to quote from Justice Gordon's original opinion in this case where he stated, section 59, here, however, four witnesses testified about the circumstances of the shooting, as did defendant. Other than defendant, all four of the witnesses testified that they saw the victim's hands and the victim was not holding a weapon. It was Green, Suleiman, Claiborne, and Jackson. There was actually four people. Who was the fourth? Jackson. We have Green, Jackson, the driver of the car. Claiborne and Suleiman. Suleiman was the man in the store. Okay. So who's Claiborne? He's the fourth? Claiborne's the driver. The driver. And Jackson was another guy out on the street. Right. And Suleiman was the man in the store. Okay. And Green? And Green was also out on the street. Green's the one who's the fourth? Yes. Four people. Okay. The other comment was just made briefly at the end that there's an allegation that counsel was intoxicated at trial. It was not at trial that the claim was made. It was a claim that it was a pretrial date of... Did he say intoxicated, or did he say he had the odor of alcohol on his breath? I don't recall. Or was it both? I think he said he came to a pretrial date, unnamed date, drunk. And while not condoning that, if it did happen, and I guess we have to take it as true, there's no allegation as to what error was committed on this pretrial date or what prejudice the defendant suffered on this particular pretrial date. Well, other than the defendant, did anybody note that on the record? There's nothing in the record that says that the attorney was drunk and presumably if the trial court had seen it, the trial court would have taken some action. Again, that action would not have necessarily been related to this criminal conviction. I mean, a trial judge can refer somebody to the ARDC. But other than that, unless it affects the actual representation of the defendant, and there has to be an error plus some sort of prejudice, and nothing like that is alleged. So in this particular case, this defendant filed post-trial, as Justice McBride points out, at a period at which the only thing the judge could consider would be a post-conviction petition. And the Illinois Supreme Court several times has said that in, for instance, Pinkowski and then in Palmer v. Toomey, that even if a defendant labels it. Well, if he's going to consider it as a post-conviction petition, shouldn't the defendant at least be advised of that in some fashion? Well, if he files something that says, and that's the opposite of Shellstrom. So, I mean, they're actually standing Shellstrom on his head, because there the defendant didn't know he was filing a PC. Here he said he was filing a PC, and now we have a claim of ineffective assistance of jailhouse lawyer. But he's asking for a new trial and reconsideration of a sentence close in time with the trial. But that's not all he's doing. He also has 18 claims of ineffective assistance, a counsel that are framed in the language that one would frame a post-conviction in. Well, what about, as counsel suggested, a crankle motion of sorts then? Well, you can't file a crankle motion. After. Yeah. So, I mean, the only thing he can do. And then it's also telling that what happens afterwards is the state defendant files a post-conviction appeal. I respond to it as a post-conviction appeal. This court treats it as a post-conviction appeal, and now all of a sudden it's not a post-conviction appeal. And if you really look at what the purpose of Shellstrom and Pearson was, and that was so that some of these. So is that law of the case then? I don't think so. Well, if you've already considered it as a post-conviction petition, it's not. And there was no PLA filed, and then the defendant files a new petition. No? Why not? The issue as to whether or not it was actually a post-conviction was never decided. I mean, it was assumed to have been a post-conviction because it said post-conviction. Everybody treated it as a post-conviction. But I would say that the issue of whether or not it was a post-conviction, and of course. It wasn't decided. All right. No. I want to ask you about your actual innocence argument. You don't really come out and say that this could never be or isn't an actual innocence claim. You suggest that it isn't, but then you don't really go any further with that. No, I laid out basically the black letter law on what is and what isn't an actual innocence claim. So how do you respond that sparks that was a review of a post-conviction petition? Or was it just a direct appeal? Well, in terms of whether or not you can have a self-defense as an actual innocence claim, you can have self-defense as an actual innocence claim. You can't have I should have been considered. Unreasonable belief. No, I don't think that's actual innocence. That clearly falls under the rubric of a lesser, and that's not actual innocence. There has to be vindication. If you're found not guilty by reason of self-defense, that would be vindication, so that you would be able to file that. The problem here is that this actual innocence claim really isn't an actual innocence claim. Not only do we have the certainly not conclusive. I mean, it did not have actual innocence under the way that the law would require it to be. This is a man, Anthony Green, who testified at trial that I was there. The defendant had a gun. The defendant shot the victim. I don't know whether the victim had a gun or not. I couldn't see. The state then introduced, by way of 11510, prior inconsistent statements. In those prior inconsistent statements, Anthony Green said, I did see him. I saw his hands. He didn't have a gun. That's substantive evidence. That comes in. Nobody has a dispute about that. He then explains away or tries to explain away his prior inconsistent statements by saying, I was scared. They coerced me. I was drunk. I was high. He had a myriad of reasons as to why he shouldn't believe the other statements, but the fact is there were already two statements. The judge chose to believe his prior inconsistent statement. So now we have a man who comes in and recants, but the essence is I didn't recant enough the first time. I should have recanted more. Now, the law doesn't favor recantations to begin with, but this is a man who did recant, and his claim that I was afraid the state would get mad at me or do something to me if I didn't tell what the state wanted me to say on the stand. He flipped the state. So it holds no water to say I would have said something different had the state not coerced me, because he did say something different. This man flipped. So now we have a man with three versions, and that clearly can't be proof that would lead to an actual innocence claim, certainly in the light of three other eyewitnesses who say the opposite, and considering his prior consistent statement, his prior inconsistent statement came in as substantive evidence. Moreover, the judge made credibility determinations. The defendant himself testified at trial. The judge did not believe the defendant. He said he didn't believe the defendant. So this actual innocence claim really is going nowhere. In terms of the other issues raised in the successive post-conviction, and the defendant recognizes that he had filed something called a post-conviction, and he claims that I was misadvised by a jailhouse lawyer. I think that's a dangerous slope to go down, because everybody's going to be saying things like that. The other thing is it's important. If you look at the claims that he makes in his original post-conviction petition, they're almost identical to the claims he makes in his successive post-conviction petition. For instance, in his first petition he says, my lawyer was ineffective for failing to put on mitigation evidence. Well, you can read the record. You know that he didn't put on mitigation evidence. That claim, first of all, could have been made on direct appeal. It was made in the first post-conviction. And the only thing different in the second, in the successive post-conviction, is now he's come in with affidavits from his mom and other relatives saying he's a nice relative. All this in a case where the minimum was 45 and he got 50. There's nothing in those affidavits other than he's a nice relative, nothing specific that would cause any reasonable trial judge to say this is mitigation. In the PSI it clearly indicated that he had family. I mean, everybody can assume you have family members who will say nice things about you. That's not much of a shock, and it really doesn't affect very many judges too much. And, again, this was so close to the minimum, 45 versus 50, that you couldn't show any prejudice anyway. The other claims made in the post-conviction petition the first time were my lawyer didn't present enough or didn't properly present lynch evidence. Well, that was discussed in the direct appeal. That was discussed in the PC appeal of the original PC. And it was, of course, discussed in a slightly different way. But there's no way the basic in Shellstrom what the court was looking for was has he been deprived of being able to present these claims somehow? Is it fair that he can't make these claims? Is he out of the box due to some technicality? Well, he did make these claims. He made all the same claims that he's making now, and very little difference. For instance, the claim that my lawyer promised me a get-out-of-jail-free card or something along those lines. Well, if you look at what he says in his original post-conviction, he says my lawyer said don't worry about it. You're going home. You don't have to file motions. So there's nothing that would have prevented him from making the same claim concerning the you don't have to take a bench trial because you're going home. It's the same gist. So there's nothing out there that would have prevented him, no external factors that would have prevented him. He had all the information he needed at the time he filed his first post-conviction to make the same claims he's making. He didn't get affidavits. But the problem is that he's already had a bite at the apple. He filed a post-conviction. He was treated like a post-conviction by the trial judge. The trial judge ruled on whether or not these claims stated the basis, and he said it was frivolous and patently without merit. He didn't dismiss it because there were no affidavits. He didn't do that. And then on appeal, defense counsel chose only to raise two of those issues. Defense counsel could have raised other issues claiming that there was some merit, but there wasn't. There wasn't merit the first time. There's not merit now. And for the reasons we state in our brief, we'd ask that you affirm the dismissal of his successive post-conviction petition. Thank you. Ms. Weck? Let me please the court. We are not trying to stand Shellstrom on its head. The principle of Shellstrom is that before something is treated as a post-conviction petition, when a defendant does not want it treated like that, he needs to be given the chance to withdraw it or amend it to include all of his claims. When counsel says that everybody's going to say they want a second bite of the apple because they're misadvised by a jailhouse lawyer, that is not exactly what's going on here. He realized very soon that he did not want that treated as a post-conviction petition, and he tried to withdraw it before the judge even ruled on it. And the act is clear that someone can withdraw their petition before the judge rules on it. So he was not given that opportunity. That is the principle of Shellstrom. We have a pro se litigant who doesn't understand the correct procedural vehicle to be filing. This is not something where he says, I am filing a post-conviction hearing act under the post-conviction, I am filing a petition under that. Why could this then have been raised by, was it the state's health defender, his lawyer on the appeal from the denial for the dismissal of that first post-conviction action? Yes, Your Honor. I do not know that attorney. The attorney has left the office. In my opinion, that was unreasonable not to at least include that as an alternative argument, that this should not have been treated as a post-conviction petition because he tried to convert it, and it was doomed to fail. Okay. I don't know why he did that. Why isn't that law of the case now? Because it could have been argued then that this was not a post-conviction petition. We considered it as such. No one argued to the contrary. Now it's gone back. Another petition has been filed. And so we're being asked to review something that has already been considered by the attorneys, this court, as a previous post-conviction petition. Well, if Your Honor's don't want to find that it was unreasonable for appellate counsel not to make that alternative argument. But that's not an argument that are you raised? Was it raised then? Perhaps it was, that the previous attorney on the rule, on the dismissal, the second appeal from this post-conviction action, have you argued in this brief that that attorney was unreasonable? I did call him. A reasonable attorney would not be doing such a thing. Would not be, would not at least make that argument. Doesn't that have to be raised in this petition that's presently before us? Actually, actually. Is there a point or whatever? He does say, he does believe. That we cannot consider arguments being raised, first time here, that were not placed into his, what we're calling the successive petition, just for purposes of argument. He does say in his successive petition, I would have to go pull it up and get the exact language. He does say that he, if I may. Certainly. Whether he said it is not. He does say it in his affidavit. Whether he said it. Appellate counsel was ineffective for failing to assist me in having this initial petition construed as a post-trial sentencing motion. He says that in his successive petition. Don't you then have to put it into your brief? I, well, respectfully, I have discussed how it was unreasonable for the attorney to do this. I think there's a little bit of a conflict, whether we're talking about ineffective assistance of appellate counsel on a PC appeal or reasonable assistance of an attorney. Because either way, it wouldn't be ineffective assistance of appellate counsel. Wouldn't it be reasonable assistance? Reasonable assistance. And I said it was unreasonable. Well, I mean, there's really a conflict developing here because he's basically precluding Mr. Simon from raising appellate counsel, which he does both appeals, effectiveness on a future successive petition without meeting the cause and prejudice standard. Would you agree that if we characterize this as a first post-conviction petition alleging actual innocence and then ineffective assistance, that there still has to be this prejudice prong established? Correct, Your Honor. Yes. I mean, it's going to be the gist of the claim or it's going to be something more exacting, whichever the standard is. Well, on a successive, I think in Edwards, the court said it's not the same, certainly. Right. Edwards in the first district said something more exacting than gist. LaPointe in the second district said gist. The issue is still rather pending in front of the Illinois Supreme Court right now in Smith. We do know in People v. Stanley Rice that they took a successive post-conviction petition and remanded it for second stage proceedings. So that seems to be the procedure that would be followed here. If I could make one final point in rebuttal, too, about the Sparks case, that was a post-conviction case with a claim of actual self-defense. So respectfully, counsel is incorrect that self-defense cannot serve as an actual innocence. Mr. Fisher conceded that if there was a pure self-defense, that that would amount to actual innocence. But an unreasonable belief in the use of force would not amount to, in other words, a second degree would not amount to a claim of actual innocence because there's not a suggestion that he's completely relieved of criminal liability where he would be had it been pure self-defense. Or self is not pure. I'm manning a word that doesn't have any significance. My final point would be, Your Honor, that this is not where everybody's going to open the door and say, oh, I was misadvised about the first pleading I filed. Because this is a unique case in which he doesn't file it under the Act. He tries to convert it right away. He just mistakenly uses the words post-conviction petition in the title of the first pleading. So for all these reasons, we ask this court to give Mr. Simon the opportunity to have his well-pleaded post-conviction petition considered in the circuit court for post-conviction proceedings. Thank you very much. Thank you. The case was well-argued and well-briefed, and we will take it under advisement. I think we'll take a brief recess. I don't see the parties for the next oral, so we'll just take it.